**Ex parte Edward Mark VALDEZ, Relator.**

**No. 1160.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 2, 1975.

Amicus Curiae Rehearing Denied April 23, 1975.

James E. Swicegood, W. G. Walley, Jr., Beaumont, for appellant.

Dvosha Roscoe, Haynes & Fullenweider, Houston, for appellee.

COULSON, Justice.

This is an original proceeding for habeas corpus instituted by Edward Mark Valdez, relator, contending that he was illegally deprived of his liberty by an order of contempt.

The Court of Domestic Relations entered an order on February 5, 1975, finding Edward Mark Valdez to be in contempt of court for failure to vacate the premises described as 406 Avondale, Houston, Texas, on or before the 31st day of January 1975 at 5:00 P.M. The order directed that the relator "be confined in the county jail in Harris County, Texas, for a period of 24 hours and thereafter, until he purges himself of this contempt by vacating, or expressing his willingness to immediately vacate as previously ordered by this Court." The relator contends that the Court of Domestic Relations lacked jurisdiction to enter its order of February 5, 1975.

On February 11, 1975, this Court ordered the relator's release from custody upon the posting of a bond in the sum of $1,000, and he is at liberty. The habeas corpus hearing was held before this Court on March 5, 1975. This Court hereby orders that the relator be discharged for the reasons hereinafter stated.

The matter of the marriage of Bernadette June Valdez and Edward Mark Valdez, and the matter of the custody of their two minor children were tried before a jury beginning July 16, 1974. On July 26, 1974, in response to special issues, the jury found, among other things, that the best interests of the minor children would be served by their being placed in the custody of Bernadette June Valdez. Following the jury's verdict, the trial judge orally rendered her decision granting the divorce, awarding the custody and ordering support of the children, and dividing the property of the marriage. The remarks of the court were recorded by the court reporter, transcribed, and sent to the attorneys of record. The judgment was signed and entered on December 30, 1974. As a part of the judgment Bernadette June Valdez was awarded, as her sole and separate property and estate, "The real estate, house, improvements and all fixtures located thereon at 406 Avondale, Houston, Texas. . . ." Said judgment further orders:

"[T]hat EDWARD MARK VALDEZ may, subject to the conditions hereinafter stated, retain possession of the premises at 406 Avondale for a period not to exceed 6 months, said period to end at 5:00 P.M. on January 31, 1975 at which time he shall vacate said premises. Said possession of said premises shall continue from day to day so long as EDWARD MARK VALDEZ maintains all payments, all taxes, all insurance and upkeep on the premises. If at any time EDWARD MARK VALDEZ fails to maintain the premises by failing to make the monthly payments to any and all lienholders on the property at 406 Avondale, failing to pay taxes, failing to maintain insurance, or failing to maintain upkeep on the premises, BERNADETTE JUNE VALDEZ shall have the right to possession of said premises upon the giving of 30 days' written notice, specifying the hour and date on which possession is demanded."

Edward Mark Valdez filed his motion for new trial in the Court of Domestic Relations on January 9, 1975. As ground No. 5 of his motion he asserted that: "The division of the estate of the parties by the Court is so manifestly unfair and unjust to this Petitioner and Cross-Respondent as to constitute an abuse of judicial discretion by the Court." The motion for new trial was overruled by operation of law on February 24, 1975.

Subsequent to the trial court's oral announcement of its decision from the bench on July 26, 1974, and prior to the entry of the judgment on December 30, 1974, Bernadette June Valdez gave written notice to Edward Mark Valdez that he had failed and refused to comply with the provisions of the order of July 26, 1974, in that payments on the property were not made and that the lienholders had filed for foreclosure. Demand was made on September 9, 1974 that Edward Mark Valdez vacate the premises at 406 Avondale no later than October 11, 1974. On December 19, 1974, Bernadette June Valdez petitioned the Court of Domestic Relations to hold the relator in contempt for failure to vacate the premises located at 406 Avondale according to the court's July 26, 1974, oral order. On January 20, 1975, Bernadette June Valdez filed an amended motion for contempt against Edward Mark Valdez contending that he was in violation of the oral order of the court rendered in open court on July 26, 1974, and the written order signed and entered on December 30, 1974.

On February 5, 1975, a hearing on the amended motion for contempt was held. The Court of Domestic Relations found that an order was issued by the court on July 26, 1974, and entered on December 30, 1974. The order directed respondent Edward Mark Valdez, to vacate the premises described as 406 Avondale, Houston, Texas, on or before the 31st day of January, 1975 at 5:00 P.M.; Edward Mark Valdez knew of said order, but, he willingly and without cause failed and refused to obey the order of the court. The order of commitment was then issued as hereinabove recited.

■ The trial court's order of July 26, 1974, was an oral order made from the bench, recorded by the court reporter, and later transcribed for the benefit of all parties. The court did not sign such order as transcribed by the court reporter. The contempt order could not have been based upon the oral order of the trial court in spite of the fact that such an order put the relator on notice of certain terms which the trial court intended to enter in its final judgment. This case involves constructive contempt for failure to obey a court decree. "[F]or a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." Ex Parte Slavin, 412 S.W.2d 43, 44 (Tex.Sup.1967); In Re Allen, 477 S.W.2d 297 (Tex.Civ.App.— Houston [14th Dist.] 1972, no writ.). The oral order of July 26, 1974, does not satisfy this rigorous requirement for specificity.

■ The judgment entered by the trial court on December 30, 1974, was a final appealable order of the court. Said judgment disposed of all issues before the court at the time of the trial on July 26, 1974. The relator, Edward Mark Valdez, timely filed his motion for new trial following the entry of the final judgment. Such motion for new trial was not overruled until February 24, 1975. As a part of his motion for new trial the relator challenged the property division made by the trial court. That question necessarily involves the right to the property located at 406 Avondale. It is not possible for this Court to separate that portion of the judgment dealing with the relator's use of the Avondale property from the remainder of the trial court's judgment. Such a severance would be necessary if this Court is to hold that the order in question was temporary and therefore enforceable by contempt proceedings prior to the time that the judgment became final. The judgment entered on December 30, 1974, did not become final until the relator's motion for new trial had been overruled on February 24, 1975. Texas Rules of Civil Procedure, rule 329(b). The judgment of the trial court became final subsequent to the entering of the contempt order on February 5, 1975. The contempt order was void and the relator's application for writ of habeas corpus must be granted.

Tex.Family Code Ann. § 3.58, V.T.C.A. (1975) provides that after the filing of a petition for divorce, annulment, or to declare a marriage void, the court or judge may make temporary orders respecting the property and parties as deemed necessary and equitable. Tex.Family Code Ann. § 11.11 (1975) provides that in a suit affecting the parent-child relationship, the court may make any temporary order for the safety and welfare of the child. Tex. Family Code Ann. § 11.05 (1975) provides that in a suit affecting the parent-child relationship the court shall retain continuing jurisdiction. The trial court, when entering an order intended to be temporary pending the final disposition of the case on the merits, should clearly indicate such purpose. The temporary order would then be enforceable by a contempt motion. However, a judgment entered by the trial court which disposes of all issues is a final judgment and is appealable. Such a final judgment is not enforceable by contempt in the trial court until it has become final as provided by the Texas Rules of Civil Procedure.

The writ of habeas corpus is granted and the relator is ordered discharged.