**Ex parte William Richard SWEARINGEN, Relator.**

**No. 2000.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 1, 1978.

Rehearing Denied Nov. 22, 1978.

L. A. Greene, Jr., Houston, for relator.

Earle S. Lilly, Houston, for respondent.

COULSON, Justice.

This is an original proceeding for habeas corpus instituted by William Richard Swearingen, the relator, who contends that he was illegally deprived of his liberty by an order holding him in contempt of court for failure to make child support payments. Relator raises two points of error. Relator primarily raises the question of whether an order of contempt for failure to make child support payments can validly be issued during the time in which an appeal is pending from the judgment of divorce which ordered such payments to be made. Relator further contends that the trial court erred in holding him in contempt because the evidence did not establish his ability to pay the child support. We find that the contempt order was valid and remand Relator to the custody of the Sheriff of Harris County.

On May 9, 1978, a decree of divorce was entered dissolving the marriage of Relator and Mary Carroll Swearingen. Under the terms of the divorce decree Mary Carroll Swearingen was appointed managing conservator of the two minor children and Relator was named possessory conservator and was ordered to pay $450.00 per month as child support. On August 24, 1978, following a hearing on August 8, 1978, an order was entered finding Relator in contempt of court for wilfully disobeying the order of May 9, 1978, to pay child support in the total amount of $1800.00. He was ordered held in custody for a period of thirty days and thereafter until he purged the contempt by payment of the $1800.00 plus costs and $350.00 in attorney's fees.

Relator commenced his appeal from the divorce judgment by filing an appeal bond with the District Clerk on August 7, 1978, and filing the Transcript and Statement of Facts with the First Court of Civil Appeals on September 6, 1978. He contends that his commitment pursuant to the order of contempt is illegal because, due to the pending appeal, the judgment of divorce sought to be enforced by the contempt has not "become final as provided by the Texas Rules of Civil Procedure" under this court's holding in *Ex Parte Valdez*, 521 S.W.2d 724 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). We do not find *Valdez* controlling.

In *Valdez* the relator was ordered by a divorce decree orally made on July 26, 1974, but not signed and entered until December 30, 1974, to vacate certain real property by the 31st day of January, 1975. The relator timely filed a motion for new trial on January 9, 1975, which was not overruled until February 24, 1975. However, on February 5, 1975, the trial court held the relator in contempt for refusing to obey the order of December 30 to vacate the premises. The disposition of the *Valdez* case was grounded on Rule 329b, Tex.R.Civ.P., which provides that judgments of district and county courts "shall become final after the expiration of thirty (30) days after the date of judgment or after a motion for new trial is overruled . . . ." In *Valdez* the order of contempt was entered on February 5, nineteen days prior to February 24, the date on which the judgment of divorce became final pursuant to Rule 329b by virtue of the overruling of the motion for new trial. We there held that a judgment is not enforceable by contempt until it has become final "as provided by the Texas Rules of Civil Procedure." *Ex Parte Valdez, supra,* at 727. In the context of that case the quoted phrase clearly refers to the finality of judgments as provided in Rule 329b.

The situation presented here is quite different. Relator's motion for new trial was overruled, and judgment of divorce thereby became final under Rule 329b, on July 8, 1978. The contempt order was issued on

August 8 and signed and entered on August 24, clearly after the original judgment had become final. *Valdez* therefore is not in point.

█ Relator contends, however, that the judgment of divorce was not "final" because there was an appeal pending at the time the order of contempt was entered, and that therefore the contempt and his commitment are void. We do not agree. The case is controlled by Tex.Family Code Ann. § 11.19(c) (Supp.1978). This section relates to appeals from suits affecting the parent-child relationship, which includes suits concerning support of a child. Tex. Family Code Ann. § 11.01(5) (1975). Section 11.19(c) provides:

> An appeal from an order, judgment, or decree, with or without a supersedeas bond, does not suspend the order, decree, or judgment unless suspension is ordered by the court entering the order, decree, or judgment. The appellate court, on a proper showing, may permit the order, decree, or judgment to be suspended.

Relator does not contend that the trial court ordered a suspension of the judgment of divorce pending appeal, nor does he ask that the appellate court suspend such order. We find therefore, no suspension order being in effect, that the portions of the divorce decree ordering relator to pay child support remain in effect pending appeal, and violation thereof may properly be enforced by an order of contempt.

█ In his other point of error Relator claims that the trial court erred in holding him in contempt because no evidence was introduced to establish his ability to pay the child support and that therefore the evidence does not support a finding that he had the ability to pay and refused to do so. No statement of facts has been presented to this court. However at argument Respondent stipulated that she did not offer any evidence to prove that Relator had the ability to make such payments. This stipulation makes it unnecessary to consider a statement of facts in order to determine this point. Relator apparently contends that the burden was upon Respondent to prove

Relator had the ability to pay in order for issuance of a valid contempt order enforcing payment of child support. We do not agree. Evidence that payments are in arrears is prima facie proof of contempt. *Whatley v. Whatley,* 493 S.W.2d 299, 303 (Tex.Civ.App.—Dallas 1973, no writ). Relator is morally and legally obligated to support his children, and while he could not be imprisoned if he is involuntarily unable to perform, the burden is upon him to show that inability. *Ex Parte Padfield,* 154 Tex. 253, 276 S.W.2d 247, 251 (1955). Relator's counsel indicated at argument that he had objected to the judge's questioning Relator as to his ability to make the payments, which objection was sustained. Thus Relator made no effort to introduce evidence of an inability to pay. This is by nature a defensive matter and the burden should be on Relator. It would place an intolerable burden on a mother responsible for the care of two minor children to require her to establish anew the father's ability to pay every time she seeks the aid of the court to collect a payment past due. *Whatley v. Whatley, supra.* This point of error is also overruled.

Accordingly, the Relator is remanded to custody of the Sheriff of Harris County, Texas.