**Ex parte John B. BIBLE, Relator.**

**No. B2327.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 6, 1980.

John B. Bible, Mary Bacon, Houston, for appellant.

Michael E. Orsak, Foster, Pope & Orsak, Sugar Land, for appellee.

Before SALAZAR, JUNELL and PAUL PRESSLER, JJ.

SALAZAR, Justice.

This is an original proceeding for habeas corpus instituted by John Bible, Relator, contending that he was illegally deprived of his liberty by an order of contempt.

On September 28, 1979, the 328th Family District Court of Fort Bend County, Texas, entered a judgment and decree of divorce against Relator, ordering him to execute a good and sufficient deed to specified property "within ten (10) days from the signing of [the] Decree." Relator willfully disobeyed this order and duly perfected an appeal of the judgment. On October 12, 1979 (fourteen days after divorce had been decreed and judgment entered), the district court ordered John Bible to appear on October 26, 1979, to show cause why he should not be held in contempt. The Notice of Hearing to Show Cause, the Show Cause Order, and the Citation attached to the Motion for Contempt were simultaneously delivered to John Bible on October 12, 1979. Relator filed an answer to the Motion for Contempt but did not personally appear at the contempt hearing on October 26. Relator was held in contempt by an order signed on October 31 and was restrained by virtue of a Writ of Attachment and Commitment.

Relator complains that the contempt order is void and therefore his detention is illegal. We agree, based on the fact that Relator was held in contempt of a judgment that had not yet become final.

Our authority for so holding is *Ex parte Valdez,* 521 S.W.2d 724 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ). In that matter the Court of Domestic Relations entered judgment on December 30, 1974, against Respondent Valdez, awarding certain real estate to the wife and ordering him to vacate the premises by January 31, 1975. On January 9, Valdez filed a motion for new trial, complaining of the division of the estate. The motion for new trial was overruled by operation of law on February 24, 1975. Meanwhile, Valdez did not vacate the premises, and a contempt order was entered against him on February 5, 1975. This court held that the contempt order was void since the judgment had not yet become enforceable as a final judgment.

We have almost exactly the same facts before us now. The only difference is that Relator Bible actually perfected an appeal whereas Valdez moved for a new trial. The same rule applies in either case: a judgment regarding property division may not

be enforced by orders of contempt before the judgment as to the property has become final.

The writ of habeas corpus is granted and the Relator is ordered discharged.