Ex parte George Joseph **OLIVER**.

No. 2–86–146–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 7, 1986.

James B. Munford, Fort Worth, for appellant.

Barlow & Garsek, Dwayne Hoover, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and HOPKINS, JJ.

## OPINION

FENDER, Chief Justice.

This is an original application for a writ of habeas corpus attacking a contempt cita-

.

tion and punishment arising from a case under the Texas Family Code.

In a bitterly contested divorce action the trial court entered certain temporary orders as to temporary support of the wife (and other matters). The record does not clearly reflect the exact wording of these orders, but makes clear the difficulties which preceded the entry of a final decree following a bench trial. The trial judgment was rendered on May 13, 1986, and entered on June 2, 1986. The judgment affirmatively ordered husband (petitioner herein) to deliver certain documents, keys, etc. at a specified time, date and place. Husband was also ordered to make certain monthly payments of temporary support of $750.00 on May 25, 1986, and the 25th day of each month thereafter until any appeal was decided (or abandoned) and until property was delivered as ordered.

On June 12th, a motion for contempt was filed seeking to punish husband for failure to make the May 25th payment and also to punish him for failure to deliver the various property items on June 4th as ordered. On June 27th, a motion for new trial was filed by husband. On July 2nd husband was served notice of the contempt hearing. One July 11th, the contempt hearing was held and husband was held in contempt for ten violations of the final decree (including failure to pay the $750.00 ordered to be paid on June 25th, 13 days after the filing of the contempt motion).

In his habeas petition husband assigns twelve grounds for seeking relief, including insufficient notice of the hearing; improper description of the acts for which he was held in contempt; and lack of jurisdiction of the trial court to hold the hearing. Although there may be some merit to husband's claims of vagueness, ambiguity and nonspecificity, we need not reach those grounds. The jurisdictional complaint is controlling.

The filing of a motion for new trial prevents a judgment from becoming final until such motion is overruled, either by the court or by operation of law. *See* TEX.R. CIV.P. 329(b); *Ex parte Valdez*, 521

S.W.2d 724, 726 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). As stated subsequently by the same court in *Ex parte Bible*, 596 S.W.2d 207 (Tex.Civ.App—Houston [14th Dist.] 1980, no writ):

Relator complains that the contempt order is void and therefore his detention is illegal. We agree, based on the fact that Relator was held in contempt of a judgment that had not yet become final. *Id.* at 207.

We agree with our sister court. Relator is ordered discharged from custody. The judgment of contempt is set aside and held for naught.