**Ex parte George Joseph OLIVER.**

**No. 2–86–146–CV.**

Court of Appeals of Texas, Fort Worth.

Sept. 10, 1986.

James B. Munford, Fort Worth, for appellant.

Barlow & Garsek, Dwayne Hoover, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and HOPKINS, JJ.

## OPINION ON MOTION FOR REHEARING

FENDER, Chief Justice.

Delores Geraldine Oliver, the real party in interest, has filed a motion for rehearing in this habeas corpus proceeding growing out of a divorce action. We grant rehearing to clarify our original holding without changing the result. We continue to refer to the parties simply as husband and wife.

In a single point of error wife complains of our failure to uphold the trial court's holding husband in contempt for failure to

pay $750.00 on May 25, 1986 and on June 25, 1986. All of the authorities cited by wife refer to cases where an appeal had been perfected. None refer to instances where a motion for new trial had been filed but not yet acted upon. We accept these authorities as valid but find them inapposite in this cause.

We would further point out that the wife's motion for contempt is *specifically restricted* to the written judgment signed on June 2, 1986. The order of the trial court is also *specifically restricted* to the order embodied in the judgment signed on June 2, 1986.

Counsel has furnished us no authority for permitting a judge to enter an order on June 2, 1986 requiring the performance of an act on May 25, 1986, some eight days prior to the entry of the order and we find none.

The wife's motion for contempt is specifically restricted to the failure to pay on May 25, 1986. There is no pleading or prayer which can be construed to include June 25, 1986 (some two weeks after the filing of the contempt motion). These facial imperfections are sufficient grounds for striking down the court's contempt order without even reaching the basis set forth in our original opinion holding the June 2, 1986 judgment unenforceable in the face of a motion for new trial.

Our original order stands.