## Ex parte William Evans PRYOR, Relator.

### No. C–9981.

Supreme Court of Texas.

Dec. 19, 1990.

Dennis B. Kelly, Houston, for relator.

J.D. "Bucky" Allshouse, Houston, for respondent.

## OPINION

MAUZY, Justice.

This is a habeas corpus proceeding. Relator William Evans Pryor appeals a contempt order entered by Judge Bob Robertson of the 308th District Court of Harris County. The order committing William to the Harris County jail arose from his failure to execute and transfer certain documents to his ex-wife, Lilly Kucera Pryor, after the district court entered a final divorce decree. We deny the requested relief and remand William to the custody of the Harris County Sheriff.

The divorce decree, entered by the district court on April 17, 1990, ordered William to transfer and deliver: 1) two sets of deeds, 2) a letter transferring a country club membership, and 3) assignments of royalty interests, to Lilly on April 18, 1990. William failed to execute these transfers. On April 23, Lilly filed a contempt motion to enforce the divorce decree. On May 17, while Lilly's contempt motion was still pending, William filed a motion for a new trial. On June 15, the pending motions were considered by the trial court. First, the court overruled William's motion for new trial. Second, the court found William in contempt and sentenced him to serve 30 days in the Harris County jail and remain there until he purged himself by executing the transfers. In an original proceeding, William filed an application for writ of habeas corpus in the Fourteenth Court of Appeals, which denied his requested relief without a written opinion.

■ William's main contention before this Court is that the district court did not have the power to issue a contempt order in this situation because the judgment was not yet final. William argues that Rule 329b of the Texas Rules of Civil Procedure gives the court plenary power for thirty days after a motion for new trial has been overruled. He reasons that because the court has the power to vacate, modify, correct, or reform the judgment during the

plenary period, the judgment is not final and a contempt order cannot be issued based on it.

In support of his contention, William relies on three decisions from the courts of appeals, *Ex parte Oliver*, 713 S.W.2d 435 (Tex.App.—Fort Worth 1986, no writ), *aff'd on reh'g*, 716 S.W.2d 184 (Tex.App.—Fort Worth 1986, no writ); *Ex parte Valdez*, 521 S.W.2d 724 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); and *Ex parte Bible*, 596 S.W.2d 207 (Tex.Civ.App.— Houston [14th Dist.] 1980, no writ). *Oliver* and *Bible* follow the holding of *Valdez*. In *Valdez*, the trial court issued a contempt order before it ruled on a motion for new trial filed by the party aggrieved by the trial court's judgment. The *Valdez* court held that the trial court's judgment did not become final until the motion for new trial was overruled. *Ex parte Valdez*, 521 S.W.2d at 726. Even if we were to assume this holding was correct, the present case is distinguishable. William's motion for new trial was overruled before the trial court issued a contempt order. Therefore, the holding of *Valdez* does not help William in this situation. We are certainly not in favor of taking the questionable logic from *Valdez* and extending it to encompass the trial court's plenary period and further hinder the trial court's ability to enforce its orders.

■ The power to punish for contempt is an inherent power of a court and an essential element of judicial independence and authority. *Ex parte Gorena*, 595 S.W.2d 841, 843 (Tex.1979); *see also* Tex.Gov't Code Ann. § 21.001 (Vernon 1988). This Court has recognized that this power enables courts to persuade parties to obey an order or decree of the court so that the order will not be rendered ineffectual by recalcitrant litigants. *Ex parte Gorena*, 595 S.W.2d at 844. If this Court were to adopt William's argument, this power would be greatly impaired. The district court would have to wait until the plenary period was complete to enforce its order. This could be as long as 105 days after the judgment is signed. Tex.R.Civ.P. 329b(c) and (e). There is also the potential danger

that a litigant who is seeking to avoid the original order of the court could use this period to secrete or deplete the assets which the court has ordered him to surrender, or otherwise adversely effect the rights of the prevailing litigant.

We hold that Tex.R.Civ.P. 329b does not circumvent a trial court's inherent power to enforce its orders through contempt. Our holding does not leave litigants like William without an appellate remedy. William could have followed the court's order and signed the necessary documents on April 18. He could have then sought to suspend enforcement by filing a supersedeas bond or cash deposit under Tex.R.App.P. 47 and 48. This would effectively suspend the judgment until William had an opportunity to litigate his appeal. Tex.R.App.P. 47(j).

■ William's only other contention is that the district court's judgment of divorce entered on April 17 was an interlocutory order because it did not expressly dispose of the intervenor. John Pavlas intervened in this case, seeking legal fees that were owed to him by William. Pavlas was severed from the divorce action by stipulation of the parties on February 21, 1990. All parties signed the agreed severance order, and it was filed with the court. The trial judge noted the severance on the docket sheet, but he did not sign the severance order until ten days after the divorce judgment.

William's argument is without merit. Even if the April 17 decree were interlocutory in nature, this Court would not prevent the trial court from enforcing its power by contempt. *Cf. Ex parte Gorena*, 595 S.W.2d 841 (Tex.1979); Kilgarlin and Ozmun, *Contempt of Court in Texas—What You Shouldn't Say To The Judge*, 38 Baylor L.Rev. 291, 292–93 (1986).

Our holding prevents litigants from frustrating the trial court's ability to mandate compliance to its orders. William has produced no authority which convinces us that Tex.R.Civ.P. 329b prevents a trial court from using contempt to enforce its order in this case. Accordingly, William's requested habeas corpus relief is denied. We remand him to the custody of the Harris

County Sheriff where he will remain until he purges himself.