05-15-00888-CV

ACCEPTED
05-15-00888-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
7/22/2015 9:57:39 AM
LISA MATZ
CLERK

No. _____

_____

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
7/22/2015 9:57:39 AM
LISA MATZ
Clerk

In the Court of Appeals for the Fifth District
Dallas, Texas
_____

*Ann Caldwell Rupe, as Trustee for the Dallas Gordon Rupe, III 1995 Family Trust v. Lee C. Ritchie, Paula Rupe Dennard and Rupe Investment Corporation*

_____

On Petition for Writ of Mandamus to the 44th District Court
Dallas County, Texas
Case No. DC-06-06944

_____

**PETITION FOR WRIT OF MANDAMUS**

_____

Amy E. Davis (TSBN 24007083)
**CHRISTIANSEN DAVIS LLC**
4100 Spring Valley Road, Suite 450
Dallas, TX 75244
(214) 838-3501 (Phone)
(972) 332-2306 (Fax)

*ATTORNEYS FOR RELATOR
AMY E. DAVIS*

## IDENTITY OF PARTIES AND COUNSEL

| **Relator** | **Counsel** |
|---|---|
| Amy E. Davis | Amy E. Davis (TSBN 24007083)<br>**CHRISTIANSEN DAVIS LLC**<br>4100 Spring Valley Road, Suite 450<br>Dallas, TX 75244<br>(214) 838-3501 (Phone)<br>(972) 332-2306 (Fax) |

| **Real Parties in Interest** | **Counsel** |
|---|---|
| Ann Caldwell Rupe, as Trustee for the Dallas Gordan Rupe, III 1995 Family Trust | Steven E. Aldous (TSBN 00982100)<br>**FORSHEY PROSTOK, LL P**.<br>500 Crescent Court, Suite 240<br>Dallas, Texas 75201<br>(214) 716-2101<br>(817) 877-4151 (fax)<br><br>Charla G. Aldous (TSBN 04783250)<br>**ALDOUS LAW FIRM**<br>2305 Cedar Springs, Suite 200<br>Dallas, Texas 75201<br>(214) 526-5595<br>(214) 526-5525 (fax) |
| Lee C. Ritchie, Paula Rupe Dennard, Dennis Lutes and Rupe Investment Corporation | Robert B. Gilbreath (TBSN 07904620)<br>**HAWKINS, PARNELL & THACKSTON, LLP**<br>Highland Park Place<br>4514 Cole Avenue, Suite 500<br>Dallas, Texas  75205<br>(214) 780-5100<br>(214) 780-5200 (fax) |

**<u>Respondent</u>**

The Hon. Bonnie Lee Goldstein
44th District Court
600 Commerce Street, 5th Floor
Dallas County, TX  75202

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL..........................................................................ii

TABLE OF AUTHORITIES...........................................................................................v

STATEMENT OF THE CASE........................................................................................1

STATEMENT OF JURISDICTION.................................................................................2

ISSUES PRESENTED...................................................................................................3

STATEMENT OF FACTS.............................................................................................3

ARGUMENT...............................................................................................................5

PRAYER.....................................................................................................................5

VERIFICATION OF FACTS AND APPENDIX AND RECORD..........................................7

CERTIFICATE OF SERVICE........................................................................................8

APPENDIX OF RECORD.............................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Hunt v. Bass,* 664 S.W.2d 323 (Tex. 1984) ...........................................................2

*Kenseth v. Dallas County*, 126 S.W.3d 584 (Tex. App.—Dallas 2004, pet. denied)2

*Mitchell v. Dixon,* 168 S.W.2d 654 (Tex. 1994)......................................................2

*Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) ......................................2,3

## STATEMENT OF THE CASE

<u>Nature of Underlying Proceeding</u>:

Acting as Trustee for the Dallas Gordan Rupe, III 1995 Family Trust, Ann Caldwell Rupe ("Plaintiff") brought the underlying action against Lee C. Ritchie, Paula Rupe Dennard, Dennis Lutes and Rupe Investment Corporation (collectively, "Defendants") in July 2006.  In 2008 the trial court, Judge Carlos Cortez presiding, entered judgment on a jury verdict.  The judgment has been appealed to this Court and the Texas Supreme Court.  On remand from the Texas Supreme Court, the case is now pending before this Court.

Prior to entry of judgment, the trial court entered an order granting sanctions (the "Sanctions Order") against Relator, who at the time represented Defendants. (R. Tab. 1).  On May 12, 2012, after appeal of the judgment, Plaintiff and Defendants jointly moved the trial court to vacate the Sanctions Order (the "Joint Motion to Vacate") with prejudice.  (R. Tab 2.)

The trial court has been unable to rule on the Joint Motion to Vacate due to a lack of plenary power.  It may never have such an opportunity as this Court may render judgment in the underlying case rather than remand it to the trial court for further action.  In the absence of plenary power, judicial action taken by a trial court is void.  Relator, therefore, respectfully requests this Court mandate the trial court to rule on the Joint Motion to Vacate, lest her and the parties' desire that the Order be vacated go without consideration.

1

<u>Respondent</u>:

The Honorable Bonnie Lee Goldstein, 44th District Court, Dallas, Texas.

<u>Action from Which Relator Seeks Relief</u>:

Relator and the parties have requested that the trial court consider and rule upon the Joint Motion to Vacate; however, that action has been rendered impossible by the trial court's lack of plenary power. Therefore, Relator requests the Court issue a mandate compelling the trial court to act on the Joint Motion to Vacate.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus at the request of Relator because Relator has an interest in the trial court's consideration of the Joint Motion to Vacate. *See Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (mandamus is available to relator with a justiciable interest in the underlying controversy); *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex. 1984) (same); *Mitchell v. Dixon,* 168 S.W.2d 654, 656 (Tex. 1994) (same).

Mandamus is not available to compel an action which has not been demanded and refused unless the relator has had no reasonable opportunity to make such a demand. *See Terrazas,* 829 S.W.2d at 723. This Court has jurisdiction to issue a writ of mandamus against the Respondent because Relator (like the parties and Respondent) has had no reasonable opportunity to demand that

2

Respondent consider and rule upon the Joint Motion to Vacate given the trial court's lack of plenary power. *See id.* at 723-24.

## ISSUES PRESENTED

1.    Whether Relator has a justiciable interest in the trial court's consideration of the Joint Motion to Vacate.

2.    Whether Relator has had no reasonable opportunity to demand that Respondent consider and rule upon the Joint Motion to Vacate given the trial court's lack of plenary power.

## STATEMENT OF FACTS

Acting as Trustee for the Dallas Gordan Rupe, III 1995 Family Trust, Ann Caldwell Rupe ("Plaintiff") brought this minority shareholder action against Lee C. Ritchie, Paula Rupe Dennard, Dennis Lutes and Rupe Investment Corporation (collectively, "Defendants") in July 2006. The case was tried to a jury in December 2007 and the trial court, Judge Carlos Cortez presiding, entered judgment on the jury's verdict in early 2008. As Cause No. 05-08-00615-CV, the judgment was appealed to this Court and, later, to the Texas Supreme Court as Cause No. 11-0447, which, in 2014, remanded the case to this Court for further proceedings consistent with its opinion. The case remains pending before this Court.

Prior to entry of judgment, Plaintiff filed a Third Motion to Sanctions, complaining of Relator, who at that time represented Defendants in this matter. On

May 22, 2008, the trial court entered the Sanctions Order against Relator. (R. Tab. 1). Relator appealed the Sanctions Order to this Court as Cause No. 05-08-00813-CV. The Court affirmed the trial court's ruling despite a lengthy dissenting opinion by Justice FitzGerald.

On May 12, 2012, after appeal of the final judgment, Plaintiff and Defendants filed the Joint Motion to Vacate, seeking to vacate the Sanctions Order with prejudice on the grounds that Plaintiff and her counsel no longer believe Relator acted with an intent to deceive the trial court. (R. Tab 2.) Plaintiff and her counsel further disclaimed any contention that Relator acted with an intent to deceive the trial court. The trial court has been unable to rule on the Joint Motion to Vacate due to a lack of plenary power although, at hearing on May 8, 2015 held to discuss the parties' dilemma, the trial court expressed a desire to grant the motion should it receive a mandate to do so or should it regain plenary power.

This Court may render judgment in the case rather than remand it to the trial court for further action, in which case, the trial court will never have plenary power to consider and rule upon the Joint Motion to Vacate. Absent plenary power, judicial action taken by a trial court is void. *Kenseth v. Dallas County*, 126 S.W.3d 584, 599 (Tex. App.—Dallas 2004, pet. denied). Relator, therefore, respectfully requests this Court mandate the trial court to rule on the Joint Motion to Vacate, lest her and the parties' desire that the Order be vacated go without consideration.

## ARGUMENT

The parties do not dispute the operative facts. Relator has an interest in having the Sanctions Order vacated, as the parties seek to do by the Joint Motion to Vacate. The trial court has lacked plenary power to consider and rule upon the Joint Motion to Vacate because the underlying case has been on appeal at all times since it was filed.

In the absence of plenary power, judicial action by the trial court is void. *Kenseth*, 126 S.W.3d at 599. Therefore, it has been impossible for Relator to demand consideration of the Joint Motion to Vacate. This Court may excuse the general rule that, before a mandate may be issued, the relator must have demanded and been refused an action, where, like here, the relator has had no reasonable opportunity to make such a demand. *See Terrazas,* 829 S.W.2d at 723.

Relator respectfully requests the Court issue a mandate compelling the trial court to act on the Joint Motion to Vacate. In the alternative, Relator respectfully requests the Court grant the Joint Motion to Vacate.

## PRAYER

For the foregoing reasons, a mandate should be issued compelling Respondent to consider and rule upon the Joint Motion to Vacate.

Respectfully submitted,

Amy E. Davis (TSBN 24007083)
**CHRISTIANSEN DAVIS LLC**
4100 Spring Valley Road, Suite 450
Dallas, TX 75244
(214) 838-3501 (Phone)
(972) 332-2306 (Fax)
adavis@cdfirm.com

## VERIFICATION OF FACTS AND APPENDIX AND RECORD

STATE OF TEXAS §
§
COUNTY OF DALLAS §

1.     My name is Amy E. Davis.  I am over 18 years of age and fully competent to make this verification.  I am licensed to practice law in the State of Texas and I am a partner in the law firm of Christiansen Davis LLP.  I was counsel for Lee C. Ritchie, Paula Rupe Dennard, Dennis Lutes and Rupe Investment Corporation at trial of the underlying action, *Ann Caldwell Rupe, as Trustee for the Dallas Gordon Rupe, III 1995 Family Trust v. Lee C. Ritchie, Paula Rupe Dennard and Rupe Investment Corporation*, in the 44th District Court of Dallas County, Texas, Case No. DC-06-06944 (the "Action").  The facts stated in this Verification are true and correct, based on my personal knowledge gained from participation in the Action as counsel of record and as subject to the May 22, 2008 order entered in the Action.

2.     The facts stated in this Petition for Writ of Mandamus about the history of and proceedings in the Action are true and correct.  The citations in this Petition to the factual record developed in the Action are accurate.  All documents contained in the Appendix hereto are true and correct copies of documents from the record in the Action.

<br>

_____
AMY E. DAVIS

**SUBSCRIBED** and **SWORN TO** before me this 22nd day of July, 2015.

[NOTARIAL SEAL]

_____
Notary Public in and for the State of Texas

BRETT CHRISTIANSEN
Notary Public, State of Texas
My Commission Expires
June 02, 2018

7

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that true and correct copies of *Relators'*

*Petition for Writ of Mandamus* were duly served upon:

*Counsel for Real Parties in Interest*:

*Respondent*:

Steven E. Aldous (TSBN 00982100)
**FORSHEY PROSTOK, LL P**.
500 Crescent Court, Suite 240
Dallas, Texas 75201
(214) 716-2101
(817) 877-4151 (fax)

The Hon. Bonnie Lee Goldstein
44th District Court
600 Commerce Street, 3rd Floor
Dallas County, TX 75202

Charla G. Aldous (TSBN 04783250)
**ALDOUS LAW FIRM**
2305 Cedar Springs, Suite 200
Dallas, Texas 75201
(214) 526-5595
(214) 526-5525 (fax)

Robert B. Gilbreath (TBSN
07904620)
**HAWKINS, PARNELL &
THACKSTON, LLP**
Highland Park Place
4514 Cole Avenue, Suite 500
Dallas, Texas 75205
(214) 780-5100
(214) 780-5200 (fax)

via electronic service on this 22nd day of July, 2015.

_____
AMY E. DAVIS

# APPENDIX OF RECORD

| TAB | DESCRIPTION | PAGE |
|-----|-------------|------|
| 1. | Order (5/22/08) | R. 1 – 5 |
| 2. | Joint Motion to Vacate (5/12/12) | R. 6 – 8 |

# TAB 1



# JUDGE CARLOS R. CORTEZ
## 44ᵗʰ STATE CIVIL DISTRICT COURT

### Cause No. <u>06-06944</u>

Ann Caldwell Rupe

v.

Lee C. Ritchie, et al

---

### <u>ORDER</u>

Counsel:

I am in receipt of Plaintiff's May 21, 2008 letter and proposed Order and also Defendants' letter dated May 15, 2008 (*in which Mr. Gilbreath cited to cases which were both designated for publication and not designated for publication*).

This Court believes that the Court's contempt power, allowing the court to punish conduct, is "*essential to judicial independence and authority.*" *See* <u>Ex parte Pryor</u>, 800 S.W.2d 511, 512, 34 Tex. Sup. Ct. J. 203 (Tex. 1990).

Texas has long held that contempt proceedings are quasi-criminal in nature, and should conform, as much as practicable, to criminal proceedings. <u>Ex parte Sanchez</u>, 703 S.W.2d 955, 957, 29 Tex. Sup. Ct. J. 215 (Tex. 1986); <u>In re Dooley</u>, 129 S.W.3d 277, 278 (Tex. App. – Corpus Christi 2004, *orig. proceeding*).

George L. Allen, Sr. Courts Building
600 Commerce Street, 5th Floor
Dallas, Texas 75202
214.653.7427 tel

R. 1

Characterization of the contempt is based upon the nature and purpose of the penalty imposed, and may be civil, criminal or both. Ex parte Johns, 807 S.W.2d 768, 770-771 (Tex. App. – Dallas 1991, *orig. proceeding*).

Contempt can be criminal, with unconditional punishment for past conduct already performed, allowing no immediate means of release; or civil (*coercive*) allowing immediate release by the contemnor simply conforming current conduct consistent with the Court's order. Id., at 770-771; Ex parte Werblud, 526 S.W.2d 545-546, 19 Tex. Sup. Ct. J. 286 (Tex. 1976);

In both civil and criminal contempt orders, the penalty imposed by the Court may be a fine, imprisonment, or both. Ex parte Johns, 807 S.W.2d 768, 770-771.

A criminal contempt order is a punitive and an unconditional assertion of the court's power to punish for acts that insult "*the court's dignity and authority*". Ex parte Johns, 807 S.W.2d 768, 770-771.

There are two types of criminal contempt, direct, with acts occurring in the court's presence; and constructive (*indirect*) with the contemptuous acts occurring outside the court's presence. In re Johnson, 996 S.W.2d 430, 433 (Tex. App. – Beaumont 1999, *no pet*).

The Texas Supreme Court has for decades held that a court should not try cases of criminal constructive contempt if the alleged contemnor is absent, but should issue capias or writ of attachment to bring the alleged contemnor before the Court. Ex parte Johnson, 654 S.W.2d 422, 26 Tex. Sup. Ct. J. 484 (Tex. 1983) *citing* Ex parte Gordon, 584 S.W.2d 686, 688, 22 Tex. Sup. Ct. J. 295 (Tex. 1979).

Moreover, Professor Moss has stated in his opinion to the Court that "*deceitful conduct by a lawyer is regarded by the Bar as an offense that a 'self-regulating profession must vigorously endeavor to prevent through punishment of the offender*'". Professor Moss noted

George L. Allen, Sr. Courts Building
600 Commerce Street, 5th Floor
Dallas, Texas 75202
214.653.7427 tel

R.2

Texas Judicial Advisory Opinion No. 45 (1979), *"the knowing presentation of false information to a court... is unprofessional conduct" requiring a judge "to initiate appropriate disciplinary action"*.

It is absurd, as Mr. Gilbreath's suggests that somehow because the Court did not immediately make a finding of contempt each and every time Ms. Davis made the multiple misleading statements and misrepresentations (*which would have led this Court to have committed possible reversible error and provide grounds for a mistrial*) that "the Court's inherent power to punish for direct contempt cannot serve as the basis for any punishment assessed against Ms. Davis. Mr. Gilbreath's reliance on <u>Caldwell v. Wright, Robinson, McCammon, Osthimer & Tatum, P.C.</u>, 807 S.W.2d 413, 415 (Tex. App. – Houston [1st Dist.] 1991, *orig. proceeding*) in that regard is misplaced as the facts and law of that case is not similar to the issue before this Court. Moreover, Mr. Gilbreath cite to <u>Ex Parte Knable</u>, 818 S.W.2d 811, 812 (Tex. Crim. App. 1991) is also distinguishable to the case at issue because it only holds that the judge's power to punish the contemptuous conduct dissipates *"without first affording the contemnor notice and an opportunity to be heard"*. <u>Id</u>. at 813.

However, even if the cases were to purport what Mr. Gilbreath's asserts, we do not have that in this case as Ms. Davis and her counsel were provided with notice of the Plaintiff's Third Motion for Sanctions which asked for *"substantial monetary award to Plaintiff from Defense counsel and her law firm and a direction by the Court that Defense counsel take additional hours of ethics training... and for all such other and further relief to which Plaintiff may show herself to be entitled."* Further, any award of sanctions by this Court would be for a continuing pattern by Ms. Davis to misstate the facts, avoid direct questions and engage in a total lack of candor with the Court.

The Court truly believes that the continuing course of conduct shown by Ms. Davis to the Court not once but on at least four (4) different occasions during trial, during the jury charge and during post-verdict motions is sanctionable (*as outlined in Plaintiff's 3rd Motion for Sanctions*) and that it further violates the peace, dignity and honor of this Court and under Texas Government Code §21.002 which would allow this Court to impose a sentence upon Ms. Davis of up to 180 days in jail.

However, it is my judicial philosophy that any punishment above and beyond what is asked for by opposing counsel would be better served by a separate hearing, if necessary, ruled on by another judge (*as this matter is presently pending before me*).

In the Court's opinion, the conduct found to be sanctionable is egregious misconduct that significantly interferes with the Court's core functions and such conduct continued after repeated warnings by the Court (*and written apologies by Ms. Davis*).

The sanctions levied against Ms. Davis are directly related to the sanctionable conduct and are necessary to preserve the integrity of the Court's core function. It is the opinion of this Court, that although these are "*lesser sanctions*" that the sanction imposed in all likelihood will deter repetition of the conduct by Ms. Davis, and deter repetition of the sanctionable conduct by other lawyers.

IT IS, THEREFORE, ORDERED that Plaintiff's Third Motion for Sanctions be GRANTED and that Ms. Davis shall pay Plaintiff's counsel the sum of $15,000.00 as a monetary sanction for the additional work necessary for Plaintiff's counsel to rebut the misrepresentations made to this Court; and it is further ORDERED that Ms. Davis shall complete 10 hours of ethics training over and above her continuing legal education requirements to be completed within two (2) years from the date of this Order.

George L. Allen, Sr. Courts Building
600 Commerce Street, 5th Floor
Dallas, Texas 75202
214.653.7427 tel

R.4

It is so ORDERED.

SIGNED this 22nd day of May, 2008.

_____
CARLOS R. CORTEZ
44TH STATE CIVIL DISTRICT COURT JUDGE

TAB 2

Filed
12 May 10 P12:21
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. 06-06944

| | | |
|---|---|---|
| ANN CALDWELL RUPE, | § | IN THE DISTRICT COURT |
| AS TRUSTEE FOR THE DALLAS | § | |
| GORDON RUPE, III 1995 | § | |
| FAMILY TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 44TH JUDICIAL DISTRICT |
| | § | |
| LEE C. RITCHIE, PAULA RUPE | § | |
| DENNARD, DENNIS LUTES, and | § | |
| RUPE INVESTMENT CORPORATION | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

**JOINT MOTION TO VACATE SANCTIONS ORDER AND PLAINTIFF'S**
**WITHDRAWAL OF PLAINTIFF'S THIRD MOTION FOR SANCTIONS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Ann Caldwell Rupe, as Trustee for the Dallas Gordan Rupe, III 1995 Family Trust, and Defendants Lee C. Ritchie, Paula Rupe Dennard, Dennis Lutes and Rupe Investment Corporation file this Joint Motion to Vacate Sanctions Order and Plaintiff's Motion to Withdraw Plaintiff's Third Motion for Sanctions and would show the Court as follows:

Prior to the Court's entry of judgment in this matter, Plaintiff filed a Third Motion to Sanctions, complaining of counsel, Amy E. Davis, who at that time represented defendants in this matter. On May 22, 2008, the Court entered an order granting sanctions (the "Sanctions Order") against Ms. Davis.

The parties hereby request the Court vacate the Sanctions Order and Plaintiff hereby withdraws her Third Motion for Sanctions with prejudice on the grounds that Plaintiff and her counsel no longer believe Ms. Davis acted with an intent to deceive the Court. Plaintiff and her counsel further disclaim any contention that Ms. Davis acted with an intent to deceive the Court.

**JOINT MOTION TO VACATE SANCTIONS ORDER AND PLAINTIFF'S**
**WITHDRAWAL OF PLAINTIFF'S THIRD MOTION FOR SANCTIONS**
Page 1

R.6

WHEREFORE the parties pray the Court enter an order vacating the Sanctions Order and acknowledging the Plaintiff's withdrawal of her Third Motion for Sanctions with prejudice and for all such other relief to which they may be justly entitled.

Respectfully submitted,

Steven E. Aldous
**BRADEN, VARNER, & ALDOUS, P.C.**
Texas State Bar No. 00982100
Robert R. Varner, Jr.
Texas State Bar No. 20499450
703 McKinney Avenue, Suite 400
Dallas, Texas 75202
(214) 740-0212
(214) 740-0217 (fax)

Charla G. Aldous
**ALDOUS LAW FIRM**
Texas State Bar No. 04783250
2311 Cedar Springs, Suite 200
Dallas, Texas 75201
(214) 526-5595
(214) 526-5525 (fax)

**ATTORNEYS FOR PLAINTIFF**

Robert B. Gilbreath *by permission ads*
Robert B. Gilbreath
**HAWKINS, PARNELL & THACKSTON, LLP**
Texas State Bar No. 07904620
Highland Park Place
4514 Cole Avenue, Suite 500
Dallas, Texas 75205
(214) 780-5100
(214) 780-5200 (fax)

**ATTORNEYS FOR DEFENDANTS**

---

**JOINT MOTION TO VACATE SANCTIONS ORDER AND PLAINTIFF'S
WITHDRAWAL OF PLAINTIFF'S THIRD MOTION FOR SANCTIONS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 10th day of May, 2012, a true and correct copy of the foregoing document was forwarded via e-mail to the foregoing counsel of record.

_Robert B. Gilbreath_
Robert B. Gilbreath

*by permission*