Charles BAGGETT, Appellant,

v.

STATE of Texas, Appellee.

No. 942.

Court of Civil Appeals of Texas, Tyler.

Aug. 26, 1976.

C. C. Divine, Houston, for appellant.

Richard Bax, Sara McIntosh, Asst. Dist. Attys. of Harris County, Houston, for appellee.

DUNAGAN, Chief Justice.

This appeal involves the finality of an order terminating a parent-child relationship and an attempt to modify that order pursuant to Tex.Fam.Code Ann. Section 14.08.

On February 24, 1975, the Harris County Juvenile Court terminated the relationship of Charles and Mable Baggett with their minor children, Shirlee and Cheryl, and appointed the Harris County Child Welfare Unit as managing conservator. At that time, the Juvenile Court orally instructed the Welfare Unit not to place the children in adoptive homes for nine (9) months in order to give the parents an opportunity for rehabilitation. This instruction was not embodied in the February 24th order of termination. On November 14, 1975, Charles Baggett sought custody of the children by a petition to modify the termination order on the ground that he was rehabilitated. The Juvenile Court denied a hearing on that petition on the ground that it lacked jurisdiction. Charles Baggett appeals from that denial.

■ The November 14th petition was an attempt to set aside the February 24th order of termination. In the absence of a motion for new trial, the February 24th order became final, and the Juvenile Court lost jurisdiction of the cause, upon the expiration of thirty (30) days after the rendition. Tex.R.Civ.P. 329b. Appellant argues that the Juvenile Court's oral instruction to the Welfare Unit prevented the February 24th order from becoming final and that the Juvenile Court retained jurisdiction to hear his November 14th petition. Appellant further argues that modification of all orders appointing a managing conservator is provided for by Section 14.08.

■ We cannot agree that the Juvenile Court's oral instruction rendered the judgment interlocutory. In determining the finality of a judgment, we are limited largely to the judgment itself. *Gregory v. Lytton*, 422 S.W.2d 586, 590 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.). When a judgment, not intrinsically interlocutory in character, is rendered in a cause regularly set for trial on the merits, without an order for a separate trial of issues, the finality of that judgment is, for appeal purposes, presumed. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 897 (Tex.1966). Moreover, we do not believe that the provision in Section 14.08 for modification of an order appointing a managing conservator applies to termination decrees under Chapter 15. "Decrees under Chapter 14 may be modified or changed from time to time . . . . A termination decree, on the other hand, is complete, final, irrevocable." *Wiley v. Spratlan*, Tex., 543 S.W.2d 349, 352 (1976). It is noteworthy that the provision for modification in Tex. Rev.Civ.Stat.Ann. art. 2336, the predecessor of Section 15.05, was omitted from the current termination chapter.

■ The record indicates that the Juvenile Court intended to benefit the parents by instructing the Welfare Unit to refrain from placing the children in adoptive homes for nine (9) months. Nevertheless, appellant was undoubtedly misled by this instruction but for which he might have immediately appealed the termination order. Appellant's failure to do so obviated that method of setting aside the termination order and relegated appellant to the extraordinary remedy of a bill of review.

The Juvenile Court properly held that it lacked jurisdiction to modify the termination order.

The judgment of the Trial Court is affirmed.