**David Mark WINFIELD, Relator,**

v.

**The Honorable Allen J. DAGGETT, Judge of the 310th District Judge of Harris County, Texas, Respondent.**

No. 01–89–00727–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 1989.

Rehearing Denied Aug. 3, 1989.

**432**

Tom Alexander, Linda Marshall, David J. Sacks, Alexander & McEvily, Houston (Dennis B. Kelly, of counsel), Norman Riedmueller Krist, Kinney, Puckett & Riedmueller, Houston, for relator.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

## OPINION

**PER CURIAM.**

Relator, David Mark Winfield, in his motion for leave to file a petition for writ of prohibition, asks this Court to prohibit the respondent from enforcing temporary orders that require relator to pay to the real party in interest, Sandra Renfro, $210,000 in attorney's fees and $10,000 per month in temporary alimony. Alternatively, relator seeks leave to file a petition for writ of mandamus compelling the respondent to enter a final judgment in the underlying case should this Court conclude that the respondent's order of July 10, 1989, finding the existence of a common law marriage between relator and Renfro, is not a final judgment.

Renfro filed a divorce action against relator, who denied the existence of a marriage. Although other issues such as divorce, conservatorship, child support and tort claims were involved, the case went to trial on June 20, 1989, on the sole issue of the existence of a common law marriage. In the pretrial conference, the following colloquy occurred:

> Mr. Alexander: Judge, first we have announced all issues. I don't understand that the Court is only going to try one issue at a time.
>
> The Court: I'm going to try this issue today before those jurors, Mr. Alexander. We are not going to try a whole bunch of issues here.
>
> Mr. Alexander: Well, he asked for it—
>
> The Court: Common law marriage is the first issue to be determined.

On July 10, 1989, based on the jury's finding, respondent signed the following order:

### INTERLOCUTORY ORDER OF COMMON–LAW MARRIAGE

BE IT REMEMBERED that on the 19th [sic] day of June 1989 came on to be heard the above-entitled and numbered cause, wherein SANDRA RENFRO is Petitioner and DAVID MARK WINFIELD is Respondent, and came all of

the parties in person and by and through their respective attorneys of record and announced ready for trial; and a jury fee having been paid, a jury of twelve (12) persons was duly impaneled and sworn, and the jury having heard the evidence and argument of counsel based on the pleadings filed of record, and in response to the question, definitions, and explanatory instructions submitted to them by the Court, did on the 28th day of June, 1989, by a verdict of 10–2, make findings, which findings are as follows:

"Do you find from a preponderance of the evidence that Petitioner and Respondent were informally or common-law married on or about April 11, 1982?" ANSWER: Yes.

The above findings were received by the Court and were filed and entered of records [sic] on the minutes of such Court, whereupon the Court having heard and considered a Motion for Entry of Order and such additional considerations and findings as were authorized by law, the Court was of the opinion that said Order should be rendered as follows. It is therefore,

ORDERED, ADJUDGED, and DECREED that Petitioner, SANDRA RENFRO, and Respondent, DAVID MARK WINFIELD, were married on or about April 11, 1982, and are presently be [sic] husband and wife.

Also on July 10, respondent conducted a hearing on Renfro's motion for temporary orders. On July 14, the respondent signed the temporary orders in question that ordered relator to pay Renfro $210,000 in attorney's fees by August 1, 1989, and $10,000 per month in temporary alimony with the first payment due August 5, 1989.

Relator contends that the July 10 "Interlocutory Order of Common Law Marriage" (July 10 order) is a final judgment and has filed an appeal in this Court seeking review of that order.

Relator asserts that the respondent was without jurisdiction to enter the temporary orders after the alleged final judgment was signed. Relator seeks the issuance of a writ of prohibition to prevent the respondent from enforcing the temporary orders.

■ A court of appeals does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act. *Lesikar v. Anthony*, 750 S.W.2d 338 (Tex.App.— Houston [1st Dist.] 1988, orig. proceeding); *Bayoud v. North Cent. Inv. Corp.*, 751 S.W.2d 525, 529 (Tex.App.—Dallas 1988, orig. proceeding). The issue presented is whether this Court has actual jurisdiction of a pending proceeding.

■ Although an appeal has been perfected by relator, this Court has jurisdiction of the appeal only if the order complained of is a final judgment. *Davis v. McCray Refrigerator Sales Corp.*, 136 Tex. 296, 150 S.W.2d 377 (1941); *Laurie v. Stabel*, 482 S.W.2d 652, 654 (Tex.Civ.App. —Amarillo 1972, no writ); Tex.Civ.Prac. & Rem.Code Ann. § 51.012 (Vernon 1986). To be final, a judgment must dispose of all issues and parties in the case. *North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). When a judgment, not intrinsically interlocutory in character, is rendered in a cause regularly set for trial on the merits, without an order for a separate trial of issues, the finality of that judgment is, for appeal purposes, presumed. *Id.* at 897–98; *Baggett v. State*, 541 S.W.2d 226 (Tex.Civ.App.—Tyler 1976, no writ). Thus, to determine whether this Court has actual jurisdiction of a pending proceeding, we must determine whether the July 10 order is a final judgment.

Relator alleges that 1) the presumption of finality applies to the July 10 order because there was no order directing a separate trial on the issue of the existence of a common law marriage, 2) all issues were tried, and 3) Renfro waived her other claims because she did not request that they be submitted to the jury.

■ We hold that the exhibits attached to relator's petition do not show that the July 10 order is a final judgment. First, the presumption of finality set out in *Aldridge* does not apply. The statement of

facts from the pretrial hearing shows that respondent ordered that the common law marriage issue would be tried separately. Further, the temporary orders signed July 14[1] state:

> The Court, having previously ORDERED that the trier of fact would determine whether a common-law marriage existed between the parties as a separate trial from the issues of divorce, property division, conservatorship, and tort issues....

Thus, relator's exhibits affirmatively show that respondent ordered the common law marriage issue to be tried separately, thereby making inapplicable the presumption that the judgment is final. Tex.R. Civ.P. 174(b).

Second, the July 10 order does not dispose of all the issues before the trial court. Relator admits that Renfro has asserted additional issues including divorce, property division, conservatorship, and tort claims. The order does not expressly or impliedly dispose of these issues. Additionally, the order is entitled "interlocutory" indicating that the order was not intended to dispose of the entire case. Finally, relator admits that respondent signed no order severing the common law marriage issue.

Because the July 10 order is not a final judgment, this Court has no actual jurisdiction of a pending proceeding; therefore, this Court has no jurisdiction to issue a writ of prohibition. *Lesikar,* 750 S.W.2d at 339.

Relator alternatively seeks leave to file a petition for writ of mandamus compelling the respondent to enter a final judgment on the common law marriage issue.

 Mandamus issues to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). In *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex. 1985), the supreme court stated that

[t]he test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles.... Another way of stating the test is whether the act was arbitrary or unreasonable.... The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred.

(Citations omitted.)

In light of the unresolved issues in the case, we hold that the respondent has not abused his discretion in not entering a final judgment.

The motion for leave to file a petition for a writ of prohibition and a petition for a writ of mandamus is OVERRULED.

---

**1.** The respondent conducted a hearing on Renfro's motion for temporary orders on the same day that it signed the order finding a common law marriage.