**HOUSTON CHRONICLE PUBLISHING COMPANY and Kathy Fair, Relators,**

v.

**The Honorable Joe Ned DEAN, Judge of the 258th District Court, Polk County, Sitting in Walker County, Texas, Respondent.**

No. 01–90–00454–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 26, 1990.

William W. Ogden and Rob L. Wiley, Houston, for relators.

Joe L. Price, Dist. Atty., Groveton and John E. Wright, Huntsville, for respondent.

---

Before SAM BASS and COHEN, JJ., and STEPHENS [1], J. (Retired Sitting by Assignment).

## OPINION

SAM BASS, Justice.

Relators, Houston Chronicle Publishing Company and Kathy Fair, one of its reporters, request this Court to compel respondent, Judge Joe Ned Dean, (1) to release to them the full transcript of the hearing on the defendant's motion to transfer venue in *State v. Penry*, No. 10222 (Dist.Ct. of Polk County, 258th Judicial Dist. of Texas, sitting in Walker County), and (2) to allow them to remain in attendance until the conclusion of the proceedings in *State v. Penry*. We granted relators' motion for leave to file on May 31, 1990.

Judge Dean, judge of the 258th District Court of Polk County, is presiding over capital murder proceedings in *State v. Penry*, which is being tried in Walker County, Texas. Relators allege that on or about May 23, 1990, during a hearing on Penry's motion to transfer venue, Judge Dean ordered Fair and one other news media representative excluded from the courtroom without a hearing and without evidence, in response to defense counsel's request to exclude the news media during the testimony of witness Edward Bronson. Other observers were permitted to remain. Prior to excluding Fair, Judge Dean asked Fair if she would agree not to publish any account of the testimony as a condition to remaining in the courtroom. She responded in the negative. Relators contend that, after proceedings were reopened to the news media, Fair requested a transcript of the proceedings from which she had been excluded. According to relators, Judge Dean then ordered the transcript of the proceedings sealed, at the request of defense counsel, until the conclusion of the trial. The hearing on the motion to transfer venue took place prior to voir dire. Relators' statement of the facts is undisputed in the response filed by the attorneys for Johnny Paul Penry, a real party in interest.

Relators contend that the orders and action of Judge Dean are void; unconstitutional because they abridge the rights of access guaranteed to relators by the first amendment to the United States Constitution and article I, sections 8 and 10 of the Texas Constitution; and violative of article 1.24 of the Texas Code of Criminal Procedure.

Article 1.24 of the Texas Code of Criminal Procedure provides that, "The proceedings and trials in all courts shall be public." TEX.CODE CRIM.P.ANN. art. 1.24 (Vernon 1977). In *Houston Chronicle Publishing v. Shaver*, 630 S.W.2d 927 (Tex.Crim.App. 1982), the Court of Criminal Appeals held that article 1.24 prohibited the trial judge from barring the public and the media from a hearing on the admissibility of a criminal defendant's confession. 630 S.W.2d at 933–34; *see also Eagle Printing Co. v. Delaney*, 671 S.W.2d 883, 887 (Tex.Crim. App.1984).

Accordingly, we grant the writ of mandamus directing Judge Dean to set aside his closure order and to release the transcript of the hearing on defendant's motion to transfer venue to relators upon payment of appropriate costs for such transcript. We are confident that Judge Dean will comply with this order, and the writ will issue only in the event of his failure to do so. We decline to direct Judge Dean to allow relators to remain in attendance at the trial until the conclusion of the proceedings in *State v. Penry*. Mandamus will not lie to compel future acts, and we have no jurisdiction to issue a writ prohibiting a future act, absent our jurisdiction of a pending proceeding. *See Winfield v. Daggett*, 775 S.W.2d 431, 433 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding.).

---

1. The Honorable Bill J. Stephens, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.