**OWENS–CORNING FIBERGLAS CORPORATION, Relator,**

v.

**The Honorable Neil CALDWELL, Judge of the 23rd District Court of Brazoria County, Texas, Respondent.**

**WRIGHT, ROBINSON, McCAMMON, OSTHIMER & TATUM, P.C. and Richard K. Hines, Relators,**

v.

**The Honorable Neil CALDWELL, Judge of the 23rd District Court of Brazoria County, Texas, Respondent.**

Nos. 01–91–00058–CV, 01–91–00068–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 20, 1991.

Ruby Kless Sondock, Frank M. Bean and Kevin F. Risley, Houston, for relator.

Bob Ballard, Lawrence Madeksho, Houston, for respondent.

Before SAM BASS, DUNN and HUGHES, JJ.

## OPINION

SAM BASS, Justice.

Relators, Owens–Corning Fiberglas Corporation ("Owens–Corning"), Wright, Robinson, McCammon, Osthimer & Tatum ("Wright, Robinson"), and Richard K. Hines ("Hines"), seek mandamus relief from respondent's, Judge Neil Caldwell's, sanctions order of December 20, 1990, and amended sanctions order of January 11, 1991. In his orders, Judge Caldwell found that Owens–Corning, Wright, Robinson, and Hines abused the discovery process and obstructed the judicial process in the underlying causes of action,[1] and sanctioned them as follows:

(1) Owens–Corning was fined in the amount of $2,356,160, to be paid to the plaintiffs and their attorneys.

(2) Owens–Corning was ordered to pay attorney's fees of $160,000 each to plaintiffs' attorneys, Robert E. Ballard and Lawrence Madeksho.

(3) Wright, Robinson was fined in the amount of $250,000, to be paid to the plaintiffs and their attorneys.

(4) Hines was fined in the amount of $50,000, to be paid to the plaintiffs and their attorneys.

Relators contend that penalties for "abuse of the discovery process and obstruction of justice and the judicial process" are governed by Tex.R.Civ.P. 215(3). They argue that rule 215(3) does not allow for the imposition of monetary fines; there-

fore, the orders are void insofar as they impose fines. Respondent, through the real parties in interest (the plaintiffs in the underlying cause), replies that a trial court has inherent power to sanction and is not limited to sanctions under rule 215. Relators also assert that rule 215(3) permits sanctions only after notice and hearing; therefore, the orders constitute an abuse of discretion insofar as they impose attorney's fees because there was no notice or hearing before the trial court. Respondent replies that relators received notice on three occasions and had a hearing before the master and that an evidentiary hearing before the court was not required.

Discovery sanctions are not appealable until the trial court renders a final judgment. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986); *Stringer v. Eleventh Court of Appeals*, 720 S.W.2d 801, 802 (Tex.1986); *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986); *Wal–Mart Stores, Inc. v. Street*, 761 S.W.2d 587, 589 (Tex.App.—Fort Worth 1988, orig. proceeding); Tex.R. Civ.P. 215(2)(b)(8), (3). However, mandamus relief may be afforded where the trial court's order is void. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973); *D.A. Buckner Constr., Inc. v. Hobson*, 793 S.W.2d 74, 76 (Tex.App.—Houston [14th Dist.] 1990, orig. proceeding); *Zep Mfg. Co. v. Anthony*, 752 S.W.2d 687, 689 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding). The issue before this Court is whether the orders of December 20 and January 11 are void.

### Propriety of Monetary Fines

Rule 215(2)(b) of the Texas Rules of Civil Procedure provides for sanctions in the event a party (or its officer, director, or managing agent) or person designated to testify fails to comply with proper discovery requests or to obey discovery orders. The rule specifies eight sanctions, Tex.R.Civ.P. 215(2)(b)(1) through (8), as well

---

**1.** *Heathman v. Owens–Corning Fiberglas Corporation*, No. 87–C–1934 (Dist.Ct. of Brazoria County, 23rd Judicial Dist. of Texas) and *Searls*

*v. Owens–Corning Fiberglas Corporation*, No. 88–C–0615 (Dist.Ct. of Brazoria County, 23rd Judicial Dist. of Texas).

as, in its introductory paragraph, "such orders in regard to the failure as are just." Tex.R.Civ.P. 215(2)(b). Monetary fines come within the ambit of "such orders ... as are just." *See, e.g., Ismail v. Ismail,* 702 S.W.2d 216, 224 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (the trial court entered monetary sanctions when appellant failed to file an inventory as ordered); *Clear Lake City Water Auth. v. Winograd,* 695 S.W.2d 632, 640–41 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (trial court awarded monetary sanctions for abuse of the discovery process); *Firestone Photographs, Inc. v. Lamaster,* 567 S.W.2d 273, 277 (Tex.Civ.App.—Texarkana 1978, no writ) (the right to impose monetary penalties is not specifically mentioned, but if a court is empowered to enter a default judgment it surely can impose periodic monetary penalties).

Rule 215(3) of the Texas Rules of Civil Procedure provides that if the trial court finds a party is abusing the discovery process in seeking, making, or resisting discovery, it may *"after notice and hearing,* impose any appropriate sanction *authorized by paragraphs (1), (2), (3), (4), (5), and (8)* of paragraph 2b of this rule." (Emphasis added.) These paragraphs do not authorize monetary fines, nor do they contain the broad encompassing language, "such orders as are just." Unlike rule 215(2)(b), rule 215(3) itself does not contain the broad encompassing language "such orders as are just."

The Texas Rules of Civil Procedure have the same force and effect as statutes. *Missouri Pac. R.R. v. Cross,* 501 S.W.2d 868, 872 (Tex.1973). We apply to them the same rules of construction and interpretation. The plain meaning of "any appropriate sanction authorized by" in rule 215(3) is that only those specific sanctions, and no others, may be applied. *See Heard v. Heard,* 305 S.W.2d 231, 235 (Tex.Civ.App. —Galveston 1957, writ ref'd) (court rules are to be liberally construed, but their plain meaning cannot be ignored). The express mention of "any appropriate sanction authorized by" in rule 215(3) expressly excludes any sanction not mentioned, particularly when compared with the nonexclusive

language in rule 215(2)(b). *See Smith v. Baldwin,* 611 S.W.2d 611, 616 (Tex.1980) (when the legislature employs a term in one section of a statute and excludes it elsewhere, it should not be implied where excluded).

Judge Caldwell's orders, by their language, applied sanctions for abuse of the discovery process. Therefore, the sanctions had to comport with those allowed under rule 215(3). Because rule 215(3) does not provide for monetary fines, Judge Caldwell had no authority to assess monetary fines against relators under the rule.

■ In asserting that Judge Caldwell had the inherent power of a court to sanction relators with monetary fines, the real parties in interest cite the inherent power of Texas courts to punish for contempt, Tex.Gov't Code Ann. § 21.001 (Vernon 1988), and to Tex.Gov't Code Ann. § 21.002(a) (Vernon Supp.1991). Contempt is classified as either in-court (direct contempt) or out-of-court (constructive contempt). *Ex parte Norton,* 144 Tex. 445, 449, 191 S.W.2d 713, 714 (1946). The real parties in interest assert that direct contempt occurred here within the view of the trial court.

While presentation of a charge of contempt, *Ex parte Wolters,* 64 Tex.Crim. 238, 144 S.W. 531, 536–37 (1911), and notice of the charge to afford an opportunity to appear and purge oneself of the alleged contempt, *Ex parte Ratliff,* 117 Tex. 325, 327, 3 S.W.2d 406, 407 (1928), are not necessary when the contempt is of the direct variety, there must be some indication that a summary judgment of contempt was entered at the time the offense occurred. *See Ratliff,* 117 Tex. at 329, 3 S.W.2d at 406; *Ex parte O'Fiel,* 93 Tex.Crim. 214, 246 S.W. 664, 665 (1923).

There is no evidence in the record before us that a summary judgment of contempt was entered in the record at the time committed, or, indeed, that Judge Caldwell entered any judgment of contempt against relators. Accordingly, a court's inherent power to sanction for contempt did not

serve as the basis for the award of monetary fines in the orders in question.

Because we find no authority in rule 215(3) for the imposition of monetary fines and no support for the argument that the fines were awarded as a result of the court's inherent power to sanction for contempt, the orders are void to the extent they assess monetary fines against relators.

Propriety of Attorney's Fees

 Rule 215(3) provides that a court may require a party or attorney advising him to pay reasonable attorney's fees caused by their abuse of the discovery process. TEX.R.CIV.P. 215(2)(b)(8), (3). However, such a sanction may be imposed only after notice and hearing. TEX.R.CIV.P. 215(3); *see Palmer v. Cantrell*, 747 S.W.2d 39, 40 (Tex.App.—Houston [1st Dist.] 1988, no writ) (court cannot impose sanctions under rule 215(2) without notice and hearing).[2] It is undisputed that relators received notice of the hearing on sanctions before the master and attended the hearing. However, relator Owens–Corning asserts it was entitled to a de novo hearing before the trial court prior to the court's adoption of the master's report recommending that Owens–Corning pay attorney's fees to the plaintiffs' attorneys. Owens–Corning relies on *Cameron v. Cameron*, 601 S.W.2d 814 (Tex.Civ.App.—Dallas 1980, no writ), *Novotny v. Novotny*, 665 S.W.2d 171 (Tex.App.—Houston [1st Dist.] 1984, writ dism'd), and *Martin v. Martin*, 797 S.W.2d 347 (Tex.App.—Texarkana 1990, no writ) to support its position.

In *Cameron*, the trial court appointed a master to hear property issues in a divorce case. The trial court adopted the master's recommendations. 601 S.W.2d at 815. The appellant wife presented oral objections to the recommendations, but made no offer of evidence. While the Dallas Court of Appeals held that issues decided by a master under TEX.R.CIV.P. 171 are conclusive in the absence of a proper objection and that parties have the right to present evidence on the issues raised by the objections so that such can be determined by the court or

jury, it found that the appellant had not preserved her objections. *Id.* at 815, 816.

In *Novotny*, a divorce proceeding, the trial court referred all issues to a master. No written objections were filed to the master's report, and the trial judge adopted the report. 665 S.W.2d at 172–73. The question in *Novotny* was whether a final divorce judgment had been entered before the husband's death. For various reasons, including the fact that the master's report is conclusive in the absence of proper objection, this Court found that final judgment had been rendered before the husband died.

In the *Martin* divorce case, the trial court appointed a master who made recommendations on the division of property and the amount of child support. 797 S.W.2d at 349. The husband objected to the recommendations, and the court held a hearing, although the judge refused to hear new evidence. Thereafter, the court overruled the objections and adopted the master's report, but set the child support at a higher monthly figure. *Id.* The appellant husband complained on appeal about the division of the community property and the amount of child support. The court of appeals stated that the husband was entitled to present new evidence, but found that he had not objected to the trial court's failure to hear new evidence nor sought to make a bill of exceptions to show what evidence he would have presented. *Id.* at 350. The court of appeals affirmed the judgment, except for costs, finding that the evidence supported the child support award and that the husband had not borne his burden of showing that the property division was manifestly unfair. *Id.* at 351–52.

All the cases relied on by Owens–Corning do state that when objections to a master's report are properly filed, the objector has the right to present evidence to the trial court on the issues raised by the objections. However, all the cases concerned the evidentiary role the master's report played in the trial on the merits. None of the cases involved discovery sanctions. Owens–Corning combines the case law un-

---

**2.** The "notice and hearing" language was added to rule 215(3) effective September 1, 1990.

der rule 171, requiring an evidentiary hearing when objections to the master's report are filed in connection with a trial on the merits, with the rule 215(3) requirement of notice and hearing before the imposition of sanctions, to conclude that a trial judge cannot impose sanctions in the face of objections to a master's report unless a de novo evidentiary hearing is held.

Owens–Corning cites no legal authority directly on point in support of its conclusion. Nor can it refer us to any legal authority holding that an order imposing a sanction of attorney's fees is void because of a failure to hold a de novo evidentiary hearing after objections are filed to a master's report before the court's adoption of such report. Therefore, Owens–Corning has not borne its burden of establishing its right to mandamus relief with respect to the issue of attorney's fees. *Callahan v. Giles,* 137 Tex. 571, 575, 155 S.W.2d 793, 795 (1941). Owens–Corning may be correct in its argument, and such can be properly raised on appeal from a final judgment.

We conditionally grant the petition for writ of mandamus, and order the trial court to vacate its orders of December 20, 1990, and January 11, 1991, insofar as they assess fines against Owens–Corning, Wright, Robinson, and Hines. We are confident that Judge Caldwell will act in accordance with this opinion. The writ will issue only in the event he fails to comply.