CV6-109 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00109-CV







David L. Self, Appellant




v.




Mary Helen Soriano, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 215,932, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING








PER CURIAM


 David L. Self tendered a transcript which the Clerk of the Court filed on February
21, 1996. A review of the transcript revealed that it contained no appealable order. By letter,
the Clerk's office informed appellant that based on the text of his motion to reconsider and his
notice of appeal, it appeared that he perfected his appeal from an order signed January 5, 1996
that resulted from a hearing held December 15, 1995. That order, however, dealt only with
sanctions for appellant's failure to respond to certain discovery requests and other violations of
the discovery rules. Such an order is not an appealable interlocutory order. Two orders signed
on January 8, 1996, indicated that the cause was set for trial. Our letter asked appellant to tender
any documentation showing that he was appealing a final order by April 1, 1996. No response
has been received. (1)

 Discovery sanctions are not appealable until the trial court renders a final judgment. 
Bodnow Corp. v. City of Hondo, 721 S.W.2d 839, 840 (Tex. 1986); Stringer v. Eleventh Court
of Appeals, 720 S.W.2d 801, 802 (Tex. 1986); Street v. Second Court of Appeals, 715 S.W.2d
638, 639-40 (Tex. 1986); Velez v. DeLara, 905 S.W.2d 43, 45 (Tex. App.--San Antonio 1995,
no writ); Owens-Corning Fiberglas Corp. v. Caldwell, 807 S.W.2d 413, 414 (Tex. App.--Houston
[1st Dist.] 1991, orig. proceeding). 

 Appellant attempted to appeal from an order which is neither final nor subject to
interlocutory appeal. Accordingly, we dismiss the appeal for want of jurisdiction. Tex. Civ.
Prac. & Rem. Code Ann. 51.012 (West 1986); Tex. R. App. P. 60(a)(2).


Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: May 1, 1996

Do Not Publish

1. [1]  The letter also cautioned appellant that the appellate timetables continued to run and that
any necessary motions for extension of time should be tendered. Appellant's brief was due April
4, 1996. Appellant has not tendered either a brief or motion for extension of time to file a brief.