NO. 07-03-0222-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 4, 2004

_____

ELIJAH WHITE RATCLIFF,

Appellant

v.

STATE BAR OF TEXAS, TONY ALVARADO, EXECUTIVE DIRECTOR,
AND NELDA L. BLAIR, CHAIRMAN OF THE GRIEVANCE COMMITTEE,

Appellees
_____

FROM THE 258TH DISTRICT COURT OF POLK COUNTY;

NO. CIV20,239; HON. TOM MCDONALD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Elijah White Ratcliff appeals the trial court's order dismissing his petition

for reinstatement to practice law in the State of Texas. The appellees are the State Bar

of Texas, Tony Alvarado (executive director of the State Bar), and Nelda Blair (chairman

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

of the grievance committee) (collectively referred to as the State Bar). We reverse the order of dismissal and remand the cause.

## *Background*

Ratcliff was disbarred from the practice of law in 1974. In January 2002, he filed a petition for reinstatement in Cause No. 19,628 in Polk County, though it was not his first. The trial court eventually signed an order on October 11, 2002, striking Ratcliff's pleadings for discovery abuse. About two months later, that is on December 9, 2002, Ratcliff filed another petition for reinstatement. It was assigned Cause No. 20,309. Therein, the State Bar moved to dismiss, alleging that the Texas Rules of Disciplinary Procedure required Ratcliff to wait three years to seek reinstatement. The trial court granted the motion and dismissed Cause No. 20,309.

## *Order Dismissing Lawsuit*

Ratcliff raises numerous points of error in which he attacks his original disbarment, the order striking his pleadings in Cause No. 19,628, and the order of dismissal in Cause No. 20,309. We address the arguments in the order presented.

First, as to the original disbarment proceeding, error arising therefrom cannot be raised via a subsequent petition to reinstate. *Steere v. State Bar of Texas,* 512 S.W.2d 362, 366 (Tex. Civ. App.–Houston [1st Dist.] 1974, no writ). So, we cannot consider the legitimacy of the original disbarment.

Second, as to the attempt to appeal the order striking his pleadings entered in Cause No. 19,628, we are told by the State Bar that the order was entered "as a sanction for discovery abuse." Moreover, the relevant aspects of the order state:

> On the ____ 1ˢᵗ ____ day of ____ October ____, 2002, this Court considered the Respondent's Motion to Strike All Petitioner's Pleadings in this case. After considering the facts, the law, the Motion, and the arguments of counsel, this Court is of the opinion that this Motion should be Granted.
>
> It is therefore ORDERED that Petitioner, Elijah W. Ratcliff's pleadings be stricken from the records in this cause of action.
>
> Signed this 11ᵗʰ day of October, 2002.

As can be seen, and as previously described, nowhere therein does the trial court state that the order was final or that it disposed of all parties and claims. Nor have we found anywhere in the record a final judgment expressly disposing of all claims between all parties in Cause No. 19,628. Indeed, of the record in that cause, we have only bits and pieces, nothing of which allows us to determine whether the State Bar had asserted any type of claim against Ratcliff. And, this is problematical.

According to Texas Rule of Civil Procedure 215.3, a trial court may indeed strike the pleadings of a litigant should it determine that the litigant abused discovery. So too does the rule specify that the "order of sanction shall be subject to review on appeal from the final judgment." TEX. R. CIV. P. 215.3. Given the latter directive, it has been held that discovery sanctions are unappealable until the trial court renders a final judgment in the cause. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986); *Owens-Corning Fiberglas Corp. v. Caldwell*, 807 S.W.2d 413, 414 (Tex. App.–Houston [1ˢᵗ Dist.] 1991) (orig. proceeding). And, there is the source of the dilemma here. Nothing in the record before us illustrates that the trial court ever signed a final judgment in Cause No. 19,628.

Admittedly, the State Bar contended (in response to a different issue) that the order striking pleadings was a sufficient substitute for the missing final judgment. Yet, it is mistaken given the circumstances before us. Texas Rule of Civil Procedure 215.3 tells us

3

that an "order of sanction shall be subject to review on appeal from the final judgment." TEX. R. CIV. P. 215.3. Furthermore, it has been held that discovery sanctions are unappealable until the trial court renders a final judgment in the cause. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d at 840; *Owens-Corning Fiberglas Corp. v. Caldwell*, 807 S.W.2d at 414. From this rule and these precedents, it appears that an order levying sanctions for discovery abuse is not necessarily final. Again, this is so because Rule 215.3 and precedent like *Bodnow* contemplate entry of a final judgment before the order can be reviewed on appeal. And, if a subsequent, final order is contemplated, one can hardly say that a discovery order levying sanctions is inherently final. Much would depend upon the wording of the order and the effect of that wording.

And, assuming *arguendo* that a discovery order could be worded in such a way so as to dispose of all claims and parties, we cannot say the one involved at bar does that. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (stating that a judgment disposing of all remaining parties and claims is final regardless of its language). This is so for several reasons. First, it emanated not from a trial on the merits but from a hearing on a motion for sanctions. This is of import since before an order that resulted from something other than a conventional trial can be deemed final, it must "actually dispose[] of every pending claim and party or . . . clearly and unequivocally state[] that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d at 205. Second, the order by which Ratcliff's pleadings were struck does not "clearly and unequivocally" state that it finally disposes of all claims and all parties. It simply grants the motion to strike and strikes the pleadings of Ratcliff. Furthermore, whether it "actually"

4

disposed of every pending claim and party is open to conjecture for we do not have before us the record in Cause No. 19,628. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d at 205-206 (stating that "it may . . . be necessary for the appellate court to look to the record in the case" to determine whether an order disposes of all pending claims and parties). Nor does it appear that the State Bar tendered it to the trial court in support of its petition. Simply put, we do not know the extent of the claims, if any, filed by *all* parties, including the State Bar. And, until we do, we cannot say with any certainty that the order entered in Cause No. 19,628 and by which Ratcliff's pleadings were struck was final.

Third, as to the appeal of the dismissal order, we note that the State Bar sought dismissal of Cause No. 20,309 on the ground that Ratcliff filed the petition within three years of the date a prior petition to reinstate was denied. Thus, according to Rule 11.08 of the Texas Rules of Disciplinary Procedure, dismissal allegedly was warranted.

Rule 11.08 states:

> If a petition for reinstatement is denied after a hearing on the merits, the petitioner is not eligible to file another petition until after the expiration of three years from the date of *final judgment* denying the last preceding petition.

TEX. R. DISCIPLINARY P. 11.08, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A-1 (Vernon 1998) (emphasis added). As can be readily seen, the resurrection of the bar contemplated by Rule 11.08 is dependent upon entry of a "final judgment denying the last preceding petition." Next, the "last preceding petition" alluded to by the State Bar in its motion to dismiss was Cause No. 19,628. Yet, and as previously discussed, we find no final judgment *viz* that cause in the record before us. Nor does the record reveal that the State Bar presented one to the trial court. Thus, the expressed terms of Rule 11.08 were

5

not satisfied. And, we cannot view the order by which Ratcliff's pleadings were struck as final for the reasons previously discussed.  Again, the nature of the record does not allow us to determine whether every claim asserted by every party, if any, was disposed of by the trial court in Cause No. 19,628.

Accordingly, the order of dismissal in Cause No. 20,309 is reversed and the cause is remanded to the trial court for further proceedings.


Brian Quinn
Justice

6